CHESTER M. WALKER, Assignee of William A. Carkin, Insolvent,

*vs.*

WILLIAM A. CARKIN.

Knox.    Opinion January 10, 1896.

*Attachment.   Exemptions.   Express Wagon.   Stat. 1887, c. 64.*

Under a statute exempting from attachment one "express wagon," *held*; that a vehicle suited and adapted to the transportation of luggage, truck, small parcels of merchandise, light country produce, and other light articles, and one that may conveniently be used for such purpose, is within the exemption.

Whether a particular vehicle falls within this description is a question of fact for the jury.

ON MOTION AND EXCEPTIONS.

This was an action for replevin of a cart described in the replevin writ as a peddler's cart.

The plaintiff is the assignee in insolvency of the defendant, and the cart in controversy passed to the plaintiff under the assignment in insolvency unless it was exempt from attachment and seizure and sale upon execution.

The defendant claimed it as exempt as an express wagon. The verdict was for the defendant. The plaintiff claimed that the wagon in controversy was not, within the meaning of the statute, an express wagon. A view of the wagon was had by the jury.

The plaintiff requested the presiding justice to instruct the jury as follows, which request was refused:

"By the use of the term 'express wagon' in the statute of exemptions, the legislature have exempted the wagon usually and ordinarily known as an express wagon, and if the wagon in

controversy is not what is usually and ordinarily known as an express wagon, then the plaintiff is entitled to recover."

Among other things in his charge the presiding justice instructed the jury as follows against the objection of the plaintiff.

1. "Now an express wagon is commonly known by us all as a four-wheeled vehicle, with a straight body, commonly hung on springs, with a foot-board, a movable seat and a dumping tail-board, a vehicle of light construction. Any of you would at once recognize such a vehicle as an express wagon. But I do not think the meaning of this statute limits the exempted vehicle to one strictly of that description."

2. " But I think the true intent and meaning of the legislature was to exempt to the debtor a vehicle suited and adapted to the transportation of luggage, truck, small parcels of merchandise, light country produce, and other light articles, and one that may be conveniently used for such purpose."

3. "I will read it to you again : I think it is a four-wheeled vehicle, suited and adapted to the transportation of luggage, truck, small parcels of merchandise, light country produce, and other light articles, and one that may be conveniently used for such purpose in distinction from one that is not of that character."

4. "Now, to make my distinction clear, the vehicle that is exempted here under the statute is a vehicle, as I have told you, suited and adapted for the transportation of small articles, light articles, and that may be conveniently used for that purpose."

5. "It is not necessary that it should be of any particular form or build, if it is suitable for the purpose for which it is used, if it is of a construction that is fitted for that purpose, that is adapted for that purpose, and that you would say was fairly to be applied as an instrument to carry out such purpose and intent, if the vehicle is, as I have told you, for common use, suited to transport luggage, bags of meal, light articles of merchandise and everything in distinction from one that is fitted for a particular trade."

6. " The statute meant to exempt to the debtor his horse, his cart, if he had one, if he had not, then a light vehicle suited to

carry common commodities, without distinction, a four-wheeled vehicle, and what has been defined as an express wagon."

To all of which instructions and refusals to instruct the plaintiff excepted.

*C. E.* and *A. S. Littlefield*, *C. M. Walker*, and *E. C. Payson*, with them, for plaintiff.

*W. H. Fogler*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, WHITEHOUSE, STROUT, JJ.

STROUT, J.    Replevin for a vehicle claimed to be exempt from attachment as an "express wagon," under c. 64, laws of 1887.    The presiding judge instructed the jury that "an express wagon is commonly known by us all as a four-wheeled vehicle, with a straight body, commonly hung on springs, with a foot-board, a movable seat and a dumping tail-board, a vehicle of light construction.    Any of you would at once recognize such, a vehicle as an express wagon.    But I do not think the meaning of the statute limits the exempted vehicle to one strictly of that description."    "But I think the true intent and meaning of the legislature was to exempt to the debtor a vehicle suited and adapted to the transportation of luggage, truck, small parcels of merchandise, light country produce, and other light articles, and one that may be conveniently used for such purpose."    The last definition was substantially twice repeated to the jury.

Plaintiff excepted to this instruction, as also to a refusal to instruct, that if the vehicle was not usually and ordinarily known as an express wagon, it was not exempt.

Exemptions are intended to preserve to a debtor the means necessary for obtaining a livelihood in his vocation.    Hence the tools necessary for his trade or occupation and a certain amount of materials and stock necessary therefor, a limited amount of household furniture, a pair of oxen, or in lieu thereof two horses or mules not exceeding a named value, are exempted.    Then followed, in R. S., c. 81, § 62, clause 9, the exemption of one plough, one cart or truck wagon, and other articles specially

needed by a farmer in his vocation ; to which was added in 1887, "one express wagon," "the vehicles intended to correspond with the animals used, and all designed as aids to labor rather than traffic." *Smith* v. *Chase*, 71 Maine, 166.

The defendant is a farmer. In that vocation he needs a vehicle for the transportation to market of various comparatively light products of the farm, and the return of articles used in the family, and upon the farm. No special form of construction of such vehicle was intended by the legislature. It may be open or covered. The purpose and use and adaptability· to that purpose and use, was in view, instead of technical description of carriage builders. It must be one suitable and convenient for the purpose. It does not include carriages designed and mainly used for riding and traveling ; but only those suitable and convenient for transporting "truck, small parcels of merchandise, light country produce, and other light articles." Having in view the vocation of the defendant, the instruction given was definite and in accordance with the intent of the statute and the object to be accomplished and sufficiently favorable to the plaintiff.

Motion for new trial. The instructions being correct, it was for the jury to determine whether the vehicle in question was an express wagon, within the definition of that term as given by the court. They had a view of the vehicle. It was in evidence that the defendant used it for the transportation to his customers of butter, milk, eggs, potatoes and apples, the product of his farm, and transported home in it his grain, and that this was the purposes for which he used it and that he did not use it as a peddle cart. His eggs, butter and milk were delivered to regular customers. His apples and potatoes were "usually sold before I [he] brought them in and then delivered them." These facts distinguish this case very clearly from *Smith* v. *Chase*, supra. That was a regular peddler's cart, fitted up as a movable store. The jury found the vehicle to be an express wagon, within the definition given, and we perceive no reason for disturbing the verdict.

*Exceptions and motion overruled.*